UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Gina Russo</u>

    v.                                          Case No. 21-cv-703-SM-TSM
                                                  Opinion No. 2024 DNH 097

<u>New Hampshire Neurospine
Institute, P.A. and
Uri M. Ahn</u>

## O R D E R

Gina Russo brings claims against her former employer, New Hampshire Neurospine Institute, P.A. ("Institute"), and a physician in that practice, Uri M. Ahn. Dr. Ahn moved for summary judgment. Doc. no. 42. The Institute filed a document styled "Joinder in Motion for Summary Judgment," without seeking leave to join the motion, and without providing any briefing or further argument to support judgment in its favor. Doc. no. 43. Dr. Ahn's motion for summary judgment and supporting memorandum address the claims brought against Dr. Ahn but do not address the claims brought against the Institute. Doc. no. 42-1, at 10. As such, the Institute's "joinder" is not effective to include the Institute as a co-movant for summary judgment, and the court will consider the motion for summary judgment only with respect to the moving party, Dr. Ahn.

The Institute filed a motion to strike, pursuant to Federal Rule of Civil Procedure 12(f), part of Russo's objection to Dr. Ahn's motion for summary judgment. Specifically, the Institute

challenges that part of Russo's statement of additional facts in her objection in which Russo alleges that the Institute fabricated evidence in the case. Doc. no. 47, at 6-7. Russo objects to the motion to strike.

Rule 12(f) permits parties to move to "strike from a *pleading* . . . redundant, immaterial, impertinent, or scandalous matter." Id. (emphasis added). Pleadings are "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). An objection to a motion for summary judgment is not a "pleading" as described in the rule, so it is not governed by Rule 12(f). In re T-Mobile Customer Data Security Breach Litig. 111 F.4th 849, 857 (8th Cir. 2024); Davis v. Theriault, No. 1:22-CV-00275-JDL, 2023 WL 5628193, at *9 (D. Me. Aug. 31, 2023) An objection to a motion for summary judgment is not a pleading. FRCP 7(a); 5C Charles Alan Wright, Arthur R. Miller, and A. Benjamin Spencer, Federal Practice and Procedure § 1380 (3d ed. 2023) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus, motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

2

Therefore, the Institute provides no grounds to strike the challenged part of Russo's objection to Dr. Ahn's motion for summary judgment.

Conclusion

For the foregoing reasons, the Institute's "joinder" (document no. 43) is ineffective, and the Institute's motion to strike (document no. 56) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

November 15, 2024

cc: Counsel of Record