```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gina Russo

    v.                                                    Case No. 21-cv-703-SM-TSM
                                                             Opinion No. 2025 DNH 021

New Hampshire Neurospine
Institute and Uri M. Ahn

## O R D E R

Plaintiff Gina Russo moves for reconsideration of the court's order granting summary judgment in favor of defendant Uri M. Ahn on her aiding and abetting discrimination and defamation claims.[1] Russo argues that the court used an incorrect standard in evaluating the record evidence of gender discrimination, which led to an incorrect result. She also argues that the court erred in granting summary judgment on her defamation claim. For the reasons that follow, the motion for reconsideration is denied.

### Standard of Review

A motion for reconsideration seeks "an extraordinary remedy which should be used sparingly." Salmon v. Lang, 57 F.4th 296, 323 (1st Cir. 2022) (internal quotation marks omitted). To

---

[1] The court also granted summary judgment in favor of Dr. Ahn on Russo's retaliation claim, but Russo does not challenge that part of the decision.

succeed, the moving party "must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (internal quotation marks omitted). A motion for reconsideration is not a means for a losing party "to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 31 (1st Cir. 2012).

Background

Gina Russo was employed as a physician's assistant by the New Hampshire Neurospine Institute beginning on March 11, 2008. Uri Ahn is an orthopedic surgeon and a vice president and partner at the Institute. Russo and Dr. Ahn had a difficult working relationship that eventually led to the termination of Russo's employment in 2019.

Russo brought claims against New Hampshire Neurospine Institute for gender discrimination under Title VII and New Hampshire RSA chapter 354-A (Count I), against the Institute and Dr. Ahn for retaliation in violation of Title VII and RSA chapter 354-A (Count II), against Dr. Ahn for aiding and

abetting in gender discrimination in violation of RSA chapter 354-A (Count III), against the Institute for wrongful termination (Count IV), and against Dr. Ahn for defamation (Count V). Dr. Ahn moved for summary judgment on the claims against him (Counts II, III, and V). The Institute attempted to join Dr. Ahn's summary judgment motion, which was unsuccessful because Dr. Ahn limited the motion to the claims against him. Doc. no. 63.

The court granted Dr. Ahn's motion for summary judgment. In light of that result and its effect on claims against the Institute, the court continued trial, which was scheduled in December of 2024, and set a briefing schedule for summary judgment on Russo's claims against the Institute. Russo moved for reconsideration of the order granting summary judgment in Dr. Ahn's favor.

## Discussion

In support of reconsideration, Russo argues that the court improperly credited testimony from Dr. Ahn's witnesses, found contested facts in Dr. Ahn's favor, and ignored facts that she provided, which resulted in an erroneous decision in Dr. Ahn's

favor on her aiding and abetting discrimination claim.[2] She also argues that the court ignored her claim for defamation per se and erred in granting summary judgment on that claim. Dr. Ahn objects to reconsideration, contending that the court properly assessed the record evidence and correctly granted summary judgment on the aiding and abetting discrimination and defamation claims. In her reply, Russo points to a recent First Circuit Court of Appeals case, Ripoli v. Rhode Island Department of Human Services, 123 F.4th 565 (1st Cir. 2024), which she says demonstrates that the court misapplied the McDonnell-Douglas burden-shifting framework when it evaluated her aiding and abetting claim.[3]

   A.   Aiding and Abetting Discrimination - Count III

In Count III, Russo alleged that Dr. Ahn aided and abetted the Institute in discriminating against her, because of her gender, in violation of NH RSA chapter 354-A.[4] In opposition to

---

[2] Russo does not challenge summary judgment on the retaliation claim against Dr. Ahn, Count II.

[3] McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).

[4] Under New Hampshire law, the court relies on federal cases interpreting Title VII to decide analogous discrimination claims under RSA ch. 354-A. Zerveskes v. Wentworth-Douglass Hosp., No. 24-cv-025-SE-TSM, 2024 WL 4301375, at *2 (D.N.H. Sept. 26, 2024) (citing Hubbard v. Tyco Integrated Cable Sys., Inc., 985 F. Supp. 2d 207, 218 (D.N.H. 2013)).

4

summary judgment, Russo argued, in part, that the Institute and Dr. Ahn provided explanations for her termination that were pretexts for discrimination. The court concluded that Russo did not provide direct evidence of discrimination, and to the extent she relied on the McDonnell-Douglas framework, she did not establish a prima facie case or show that the explanations provided by the Institute and Dr. Ahn were pretextual. For purposes of reconsideration, Russo challenges the summary judgment standard used by the court and the McDonnell-Douglas analysis.

### 1. Evidence

Russo asserts that the court erred - in crediting evidence from witnesses whom she deems to be biased in favor of Dr. Ahn or whose testimony she deems to be unreliable, and by resolving disputed facts in favor of Dr. Ahn. She argues that the court failed to follow the summary judgment standard described in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000), and that the decision on Counts III and V must be vacated.

Under Russo's interpretation of Reeves, the court must disregard all evidence that the jury might not credit, which includes all evidence from interested witnesses. The First Circuit interprets the Reeves standard differently: "'At summary judgment we need not exclude all interested testimony,

5

specifically testimony that is uncontradicted by the nonmovant.'" Lopez-Hernandez v. Terumo Puerto Rico LLC, 64 F.4th 22, 30–31 (1st Cir. 2023) (quoting Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 856 (1st Cir. 2008)).  The court, of course, follows and applies the standard set by the First Circuit Court of Appeals and finds no evidence that was improperly credited or ignored.

Many of the background facts that Russo challenges as being resolved in Dr. Ahn's favor are not material to the summary judgment result.  Russo also failed in her objection to summary judgment to properly contest some of the facts she now asserts were resolved against her.[5]  Of particular note, Russo relies on

---

[5] Russo challenges the testimony of Kerri Ahn, Dr. Ahn's wife, that Russo was rude, hostile, and unprofessional during a conversation with Dr. Ahn, which Mrs. Ahn overheard while they were traveling in a car.  Russo argues that Mrs. Ahn's testimony should not be credited because she is an interested witness and because she did not recall other details about the conversation, such as the specific words used, who initiated the call, and who was in the car during the call.  Russo has not shown that those details are material to the substance of Mrs. Ahn's testimony about Russo's tone during the call.  Russo also does not dispute that the call occurred or that Mrs. Ahn knew Russo from prior work experiences.  Mrs. Ahn explained her limited memory of the call:  "The reason the conversation stood out to me, because he [Dr. Ahn] gets a lot of phone calls on the weekends, is just the tone of that conversation was rude and hostile and unprofessional and a little surprising to hear somebody talking to their coworker that way."  Doc. no. 42-8, at 8-9.  Mrs. Ahn's testimony about the call was not contradicted by evidence that (1) the call did not happen, (2) that she was not in the car, or (3) that she did not hear Russo's tone during the call, as she described in her deposition.

6

a report prepared by an independent investigator, Elizabeth Bailey, who provided her findings in a letter on September 24, 2019, and on notes taken by Bailey in the course of her investigation. Russo argues that various witnesses' statements to Bailey or their failure to include information that was in their deposition testimony contradict their deposition testimony. As Dr. Ahn points out, however, Russo has not shown that the report, Bailey's findings, or Bailey's notes are cognizable evidence for purposes of summary judgment. See Fed. R. Civ. P. 56(c)(2); see also Pena v. Honeywell Int'l, Inc., 923 F.3d 18, 30 (1st Cir. 2019) (discussing rule pertaining to creation of a factual dispute by contradicting a previous sworn statement).

The court agrees with Dr. Ahn that the record evidence properly supports the factual bases for summary judgment as determined in the order granting summary judgment. Doc. no. 64. As such, Russo has not demonstrated a manifest error of fact.

    2.   Proof of Discrimination

In her motion for reconsideration, Russo states that the court "chastised" her in the summary judgment order for failing to address the elements of a prima facie case. She argues that the court erred in not putting the burden on the defendants to challenge a prima facie case. In her reply, Russo relies on

7

Ripoli, 123 F.4th at 571-72, to argue that the court erred in its analysis of the discrimination element of her aiding and abetting claim. She argues that Ripoli requires reinstatement of that claim.

Russo contends that under the McDonnell-Douglas burden-shifting framework, as construed in Ripoli, her prima facie case of discrimination and her evidence of pretext are sufficient to establish gender discrimination by the Institute for purposes of her aiding and abetting discrimination claim against Dr. Ahn. In Ripoli, the court stated that "[w]hether summary judgment is appropriate in any given instance depends on multiple factors, including the strength of the plaintiff's prima facie case, the probative value of the proof of pretext, and any other appropriately considered evidence." Ripoli, 123 F.4th at 572. Further, generally "'a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Id. (quoting Reeves, 530 U.S. at 143). If a plaintiff meets that burden, "a plaintiff need not necessarily introduce 'additional, independent evidence of discrimination.'" Id. (quoting Reeves, 530 U.S. at 149).

Russo asserts that her prima facie case is strong and undisputed and that the defendants' explanations for her

8

termination shifted, supporting an inference of pretext. Based on that view of her evidentiary showing, Russo asserts that she need not provide any further evidence of discrimination or discriminatory intent to avoid summary judgment and that the court erred in granting summary judgment in favor of Dr. Ahn. The court disagrees.

### a. Prima facie case

If a plaintiff intends to rely on the burden-shifting framework to avoid summary judgment on a discrimination claim, she "first must make a prima facie showing of discrimination." Ripoli, 123 F.4th at 571; see also Sutherland v. Peterson's Oil Serv., Inc., --- F.4th ---, 2025 WL 211897, at *4 (1st Cir. Jan. 16, 2025). As the court pointed out in the order granting summary judgment, Russo provided no evidence and made no showing to demonstrate a prima face case of discrimination in her objection to summary judgment, and in fact, she failed to address a prima facie case at all. Doc. no. 64, at 17. For that reason, Russo did not even begin, much less complete, the first step that would have shifted the burden to Dr. Ahn to "provide a legitimate, non-discriminatory reason for the adverse employment action." Ripoli, 123 F.4th at 572. In the absence of a prima facie case, summary judgment could have been granted without considering Russo's other arguments. The court,

however, continued on to consider the arguments that Russo did present, presuming she could make a prima facie case, and found she had not rebutted Dr. Ahn's reason for seeking the termination of her employment: that he could not work with Russo because she was disrespectful, insubordinate, and difficult to work with.

Russo argues that Dr. Ahn is at fault for not challenging her failure to present a prima facie case. She argues, without citation to authority, that if defendants do not challenge a plaintiff's prima facie case, then the court must assume plaintiff can make that showing. Because it was Russo's burden to establish her prima facie case, <u>Ripoli</u>, 123 F.4th at 571, Dr. Ahn is not responsible for her failure to do so. But the court assumed she could make the required minimal showing based on the summary judgment record: she is a member of a protected class, she may (or may not) have performed her job satisfactorily, and she was terminated from her employment. She has not shown, however, that her termination occurred under circumstances that would support an inference of discrimination rather than the non-discriminatory reason given: a personality conflict with Dr. Ahn that her conduct was said to have precipitated.[6] That is far

---

[6] Although Russo contends that she was terminated because she is female, the record shows that the Institute board voted to terminate Russo based on Dr. Ahn's report that he could not work

10

from a strong prima facie case presenting circumstances sufficient to show the employer's explanation to be false.[7]

---

with her because she was disrespectful, insubordinate, and difficult to work with. Russo argued in her objection to summary judgment that Dr. Ahn's opinion of her was the result of gender stereotyping, but in light of the incidents that occurred between Russo and Dr. Ahn, the record did not support Russo's interpretation. In her objection's statement of facts, Russo purported to show that Dr. Ahn preferred working with male staff and had a history of problems with female staff. Doc. no. 47, at 10-14. The statements provided for that purpose, however, to the extent they suggest an anti-female bias at all, are arguments, not facts, and statements that are largely unsupported by competent evidence for summary judgment. Doc. no. 55, at 6-7, see Fed. R. Civ. P. 56(c); Rios v. Centerra Grp. LLC, 106 F.4th 101, 114 (1st Cir. 2024) (holding that office gossip and other hearsay "outside the personal knowledge of a testifying witness" are not competent evidence to oppose a motion for summary judgment); Klauber v. VMware, Inc., 80 F.4th 1, 7 (1st Cir. 2023) ("When adjudicating a motion for summary judgment, a district court customarily may consider only evidence that would be admissible at trial."). For example, Timothy Miller's declaration confirms Dr. Ahn's universally difficult temperament (which he describes as explosive) and demonstrates that his methods for dealing with Dr. Ahn worked better than Russo's. To the extent Russo argues that she lacked competent evidence to support her theory of gender bias because of missing documents, those issues were addressed and decided previously. Doc. no. 37.

[7] Even if Russo could now provide competent evidence of discriminatory animus, it is too late. Russo did not ask for more time to pursue discovery with a supporting affidavit, which is required to avoid summary judgment on the record presented. Fed. R. Civ. P. 56(d); Radfar v. City of Revere, No. 20-CV-10178-IT, 2024 WL 5009072, at *1, n.3 (D. Mass. Dec. 5, 2024) ("In the absence of a Rule 56(d) affidavit, an open motion to compel, or a Rule 37(b) motion, the court finds that any argument that discovery was incomplete has been waived."). A motion for reconsideration is not an opportunity to fix procedural errors or make new arguments. Álvarez, 682 F.3d at 31.

In contrast, the plaintiff in <u>Ripoli</u> addressed each element of the prima facie case, and the defendant did not dispute her proof of the elements.  123 F.4th at 572.  She established that she was a member of two protected groups because she is female and a lesbian, that she was qualified for her position, and she was discharged under circumstances giving rise to an inference of discrimination.  <u>Id.</u>  Specifically, the court found that plaintiff demonstrated that she

> was the only female and only gay employee on the [defendant's] executive team, and she was the only employee who was fired; there was no compelling impetus, budgetary or otherwise, to send her packing; the State had a continuing need for her work and skills; she was arguably replaced by a less-qualified heterosexual male; and the State kept her in the dark about the availability of [another employment] opportunity.

<u>Id.</u>  Even if Russo provided competent evidence of circumstances that would support an inference of discrimination in the context of a strong prima facie case, she still did not establish a factual dispute at the next step, pretext.


      b.  <u>Evidence of pretext</u>

Following a prima facie case of discrimination, the burden shifts to the defendant "to articulate a legitimate, non-discriminatory reason for terminating [the plaintiff's] employment."  <u>Ripoli</u>, 123 F.4th at 573.  If the defendant provides a non-discriminatory reason, the burden shifts back to

12

the plaintiff to show that the reason given is a pretext for discrimination, that is, to show that a genuine factual issue exists as to pretext. Id. at 574. Depending on the specific facts of the case, a plaintiff who can show that the employer's stated reason for the adverse action is false may not have to provide additional evidence of discrimination to prove that the true reason is discriminatory. Id. at 574-75. On summary judgment, the court must determine "whether the [plaintiff] has identified enough evidence to enable a rational factfinder to infer that unlawful discrimination was a determinative factor in the [defendant's] termination of her employment." Id. at 575.

In her objection to summary judgment, Russo did not argue that the Institute's reasons given for her termination were false. She stated that the Institute and Dr. Ahn provided different and shifting explanations for her termination, which were: "(1) because she voluntarily agreed in advance to part company if the relationship wasn't working; (2) due to 'irreconcilable differences' with Ahn, and (3) because of her insubordinate and unprofessional behavior." Doc. no. 47, at 23. She argued that those explanations were pretexts for discrimination. The court acknowledged that a plaintiff might demonstrate pretext by showing that the employer gave different and inconsistent explanations if she can show "such weaknesses, implausibilities, inconsistencies, incoherencies, or

13

contradictions [such] that a reasonable factfinder could rationally find [that the proffered reason for termination is] unworthy of credence." Cocuzzo v. Trader Joe's E. Inc., 121 F.4th 924, 935 (1st Cir. 2024). The court concluded, however, that Russo did not meet that standard and that the cited reasons were not shifting, different, or inconsistent.

To the extent Russo raises pretext for purposes of reconsideration, she has not shown any error. For these reasons, Russo has not provided grounds for reconsidering the order granting summary judgment on her aiding and abetting claim against Dr. Ahn.

### B. Defamation

Russo asks the court to reconsider summary judgment on her defamation claim, arguing that the court did not address defamation per se and disputing that the alleged defamatory statements constitute opinion rather than statements of fact. Russo alleged in the complaint that Dr. Ahn had made false statements "that Russo was trying to get out of doing work, that she yelled at him and had been disrespectful including using profanity toward him" and that she "had a history of avoiding work-related tasks." Doc. no. 1, ¶¶ 118 & 119. In the motion for summary judgment, Dr. Ahn challenged Russo's defamation claim on grounds that she lacked any competent evidence that he

14

ever made the statements that she alleged were defamatory, that some alleged statements were not defamatory, and that some were statements of opinion.

In her objection to summary judgment, Russo addressed defamation in one page, asserting generally that Dr. Ahn had misstated defamation law and challenging Dr. Ahn's argument that the statement Russo alleged he made, that Russo avoids doing work for him, was opinion, not actionable defamation. She did not address the other grounds for summary judgment raised by Dr. Ahn or the other allegedly defamatory statements alleged in her complaint. The court concluded that the alleged statement about avoiding work was non-actionable opinion and granted summary judgment on the defamation claim.

In her motion for reconsideration, Russo states that the court overlooked defamation per se and improperly narrowed her allegations. To the extent Russo raises other allegations from the complaint on reconsideration, she did not address those allegations in opposition to summary judgment and cannot add new arguments for purposes of reconsideration. She also did not provide any developed argument in her motion for reconsideration to address any other allegedly defamatory statements, with the result that any such argument is waived. See, e.g., Emigrant Mortg. Co., Inc. v. Bourke, No. 24-1210, --- F.4th ---, 2025 WL 325872, at *3 (1st Cir. Jan. 29, 2025); Thornton v. Ipsen

Biopharmaceuticals, Inc., 126 F.4th 76, 85 (1st Cir. 2025); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.")

### 1. Defamation Per Se

Russo argues that the alleged statements about avoiding work are defamation per se and that the court ignored that part of her claim. She states: "Because Ahn's statement, which suggests that Plaintiff both avoids work and avoids work for the orthopedic surgeons at NHNSI, is one that did, in fact, injure Plaintiff in her trade or profession, it may reasonably be understood to imply the existence of defamatory facts underlying Defendant's opinion." Doc. no. 78, at 11. Russo's theory of defamation per se is not properly before the court, because she did not raise defamation per se in her objection to summary judgment. See, e.g., United States v. Rivera-Rodríguez, 75 F.4th 1, 26 (1st Cir. 2023) (holding that government could not raise a new argument for the first time on reconsideration even "under the banner of correcting 'manifest errors' by the court"). Further, her new argument is neither clear nor persuasive.

The doctrine of defamation per se generally pertains to damages: "It is well established in New Hampshire that no proof

16

of specific damages is required when the jury could find that the defamatory publication charged the plaintiff with a crime or with activities which would tend to injure him in his trade or business, commonly called libel per se." MacDonald v. Jacobs, 171 N.H. 668, 674 (2019). The issue presented for summary judgment was not whether the alleged statements are defamatory or whether Russo can prove damages, but instead the issue was whether those statements were non-actionable defamatory opinion.[8] Russo has not shown that defamation per se is material to the court's disposition of the defamation claim on summary judgment.

### 2. Opinion

Russo argues briefly, combined with her theory of defamation per se, that Dr. Ahn's alleged statement that she avoids work is actionable, even if it is opinion, because it could reasonably be understood to imply the existence of defamatory facts as the basis for the opinion. In total, Russo states:

---

[8] It is unclear what relationship Russo perceives between defamation per se and non-actionable opinion. She cites no authority that opinion is actionable if it meets the requirements for defamation per se. If she intended to argue that Dr. Ahn's opinion about her avoiding work implies underlying undisclosed defamatory facts that are defamatory per se, she has not sufficiently articulated or developed that argument to allow the court to respond.

17

> When arguing for Plaintiff's termination, Defendant argued that Plaintiff avoided doing work for him on multiple specific occasions. Defendant made these claims even though he knew that they were not true at the time that he said them. Because Ahn's statement, which suggests that Plaintiff both avoids work and avoids work for the orthopedic surgeons at NHNSI, is one that did, in fact, injure Plaintiff in her trade or profession, it may reasonably be understood to imply the existence of defamatory facts underlying Defendant's opinion.

Doc. no. 78, at 11.

Opinion can be actionable defamation if the opinion implies underlying and undisclosed false and defamatory facts. Richards v. Union Leader Corp., 176 N.H. 789, 798 (2024). Opinion is not actionable defamation, however, if the speaker communicates the non-defamatory facts that underly his opinion. Id. at 800-01; Piccone v. Bartels, 785 F.3d 766, 771 (1st Cir. 2015). Russo does not explain what specific underlying and undisclosed defamatory facts might be implied from Dr. Ahn's opinion about her avoiding work.

Instead, Russo asserts that Dr. Ahn did provide the underlying reasons for his opinion to the board when he argued that Russo "avoided doing work for him on multiple specific occasions." Doc. no. 78, at 11. Russo further states that Dr. Ahn knew his opinion was not true, possibly to suggest that any implied facts are false and defamatory. But Russo points to no evidence to support her speculation about what was said at the board meeting or what Dr. Ahn knew. Soto-Ocasio v. Fed. Exp.

Corp., 150 F.3d 14, 18 (1st Cir. 1998) ("The party seeking to avoid summary judgment 'must be able to point to specific, competent evidence to support his claim, mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." (internal quotation marks omitted)).

As such, Russo has not pointed to evidence that would, at a minimum, create a genuine material factual dispute as to whether there were implied undisclosed, underlying, false, and defamatory facts for Dr. Ahn's opinion that she avoided doing work.  In the absence of that evidence, Russo has not shown an actionable defamation claim that can survive summary judgment.

## Conclusion

For the foregoing reasons, the court denies the plaintiff's motion for reconsideration (doc. no. 78).

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 24, 2025

cc: Counsel of Record