UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gina Russo

v.                                        Case No. 21-cv-703-SM-TSM

N.H. Neurospine Institute, P.A.
and Uri M. Ahn

O R D E R

Plaintiff Gina Russo asks the court to approve a statement of the proceedings during a final pretrial conference held on November 26, 2024, pursuant to Federal Rule of Appellate Procedure 10(c), for purposes of her appeal in this case.  Rule 10(c) provides as follows:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.  The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served.  The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval.  As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c).  Russo served her proposed statement on defendants.  Defendants object to approval of any statement of the proceedings during the final pretrial conference but also submitted an edited version of part of Russo's statement.

The court first notes that the proposed statement of proceedings includes direct quotations purporting to be

statements made by the court and counsel during the conference. In the absence of a certified transcript of the conference, the court will not approve a statement that includes quotations.  In addition, as defendants point out, Russo's proposed statement goes far beyond providing a summary of the proceedings during the conference.  That too is not appropriate under Rule 10(c) and will not be approved.  See, e.g., Blakely v. CarMax Auto Superstores, Inc., 2024 WL 1869366, at *2 (D. Kan. Apr. 29, 2024) (not approving statement that "generally consists of [plaintiff's] recitation of the case, a rehash of legal arguments and factual assertions, and her complaints that the district judge abused his discretion").

After careful review of notes taken during the conference, the court approves the following statement of the proceedings for purposes of Rule 10(c):

At the beginning of the conference, the court addressed the pending motions in limine filed by NHNSI on Counts I and II. The court noted that NHNSI seemed to argue that the prior order, granting summary judgment in favor of Dr. Ahn, precluded the discrimination and retaliation claims against NHNSI, as if NHNSI was moving for summary judgment.  Counsel for plaintiff argued that there was much evidence of discrimination by Dr. Ahn and NHNSI, but the court reminded her that she had the opportunity to present that evidence in response to the motion for summary

judgment on Dr. Ahn's claims and did not do so.  The court and counsel continued to discuss the evidence of discrimination and retaliation by NHNSI.  The discussion also included the issue of the cap on damages under Title VII, which did not apply because of the state law claims.

The court concluded that before the case could proceed to trial, NHNSI would have to file a motion for summary judgment to address the liability and issue preclusion effects of the prior order, which NHNSI raised in the motions in limine.  The court set a schedule for summary judgment briefing and urged the parties to discuss settlement.  Trial was continued until the motion for summary judgment was resolved.  See Doc. no. 77.

### Conclusion

For these reasons, the court does not approve the proposed statement of proceedings filed by plaintiff (doc. no. 101) and provides the above statement of proceedings in its place.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

July 31, 2025

cc:  Counsel of Record

3